UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NELSON CARMONA,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　08 Civ. 2814 (HB)
　　　　　　- against -　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　OPINION & ORDER
MICHAEL J. ASTRUE,　　　　　　　　　　　　　　　:
Commissioner of Social Security,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　　　　　:
------------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge:**[*]

Plaintiff Nelson Carmona ("Mr. Carmona"), *pro se*, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to challenge the Commissioner of Social Security's denial of Supplemental Security Income ("SSI") benefits.[1] The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Mr. Carmona is not eligible for SSI benefits because permanent resident aliens generally are not so eligible and his circumstances do not meet any of the statutory exceptions. Therefore, the Commissioner's motion is granted and this matter is dismissed.

### I. BACKGROUND[2]

**A.　Procedural History**

On April 28, 2005, Mr. Carmona applied for SSI benefits on the grounds that he was "aged" and "indigent." (R. at 19.) The Commissioner denied his application on September 14, 2005, because Mr. Carmona "d[id] not meet the citizenship requirements of the SSI program." (R. at 70-72.) Mr. Carmona requested a hearing and appeared before an Administrative Law Judge ("ALJ") in New York, New York on August 11, 2006. (R. at 73-77, 128.) On August 30, 2006, the ALJ found that Mr. Carmona was "not under a disability within the meaning of the Social Security Act, and that he therefore d[id] not meet the alien status requirements," and so

---

[*] William Schleifer, a Fall 2008 intern in my Chambers and a third-year law student at St. John's Law School, provided research assistance.
[1] The requirements for Supplemental Security Income benefits are set forth in 42 U.S.C. § 1381, *et seq*.
[2] The facts are derived from the administrative record (cited "R. _."), which was filed as part of the Government's answer.

1

was not eligible for SSI. (R. at 13-19.) On January 24, 2008, the Appeals Council of the Social Security Administration denied Mr. Carmona's request for review. (R. at 3-5.)

Mr. Carmona timely commenced this challenge to the ALJ's decision, which he alleges was erroneous, not supported by substantial evidence and contrary to the law. (Compl. ¶ 9.) Mr. Carmona states that he does not seek benefits due to any alleged disability, but because he is over sixty-five years old. (*Id.* ¶ 4 ("I am not apply for disability I apply for advanced age, having great age, elderly, quite old [sic].")).

### B. Mr. Carmona's Background

Mr. Carmona was born on April 29, 1940, in Havana City, Cuba. (R. at 138-39.) He moved to the United States in 1974 and was lawfully admitted for permanent residence pursuant to the Immigration and Nationality Act on February 16, 1978. (R. at 35, 120.) As a permanent resident, Mr. Carmona may work and reside in the United States.[3] He applied for citizenship in 1988, but his application was denied because he failed to submit sufficient tax records. (R. at 26, 45.)

Mr. Carmona has continuously resided in the United States since he obtained his permanent resident status. He testified that he last worked in 1993 and has worked a total of fifteen quarters since becoming a permanent resident. (R. at 77-82, 135, 143-44.)

### C. Mr. Carmona's Hearing Testimony

During a hearing on August 11, 2006, Mr. Carmona testified through an interpreter and without counsel. (R. at 128, 130-49.) He explained that he was applying for SSI benefits because it is a "federal charity public system," and that it was created for "poor and indigent people" over the age of sixty-five. (R. at 134-35.) He claimed that he was entitled to SSI benefits because he was sixty-six years old and had been a permanent resident for thirty years. (R. at 135, 137.)

The ALJ did not explain to Mr. Carmona that as a permanent resident he would not be eligible for SSI based on his age. Instead, the ALJ told Mr. Carmona that he would not be entitled to SSI benefits unless he was disabled. (R. at 136.) In response, Mr. Carmona mentioned various conditions such as high blood pressure and a bad knee, but he testified that he had not seen a doctor or been to a hospital in the last ten years. (R. at 145, 147-48.) Mr. Carmona also testified that he is nearsighted but that with glasses he can see. (R. at 146.)

---

[3] *See* U.S. Citizenship and Immigration Services at http://www.uscis.gov.

## II. DISCUSSION

"A [federal district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "On review, [a court] may only set aside a determination which is based upon legal error or not supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The reviewing court is precluded from undertaking a *de novo* review." *Valentin v. Barnhart*, 339 F. Supp. 2d 596, 598 (S.D.N.Y. 2004). Moreover, a court must affirm the Commissioner's decision if there is substantial evidence to support the conclusion, even if the district court might have ruled differently were it to have made the initial determination. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

Generally, a U.S. citizen may be eligible for SSI if he has attained the age of sixty-five, or is blind or disabled, and meets the income and resource requirements of the Social Security Act. 42 U.S.C. §§ 1381, *et seq.* However, a permanent resident alien, such as Mr. Carmona, who has been in the United States for more than seven years, is not eligible for SSI benefits on the basis of his age, unless he meets one of the statutory exceptions. *See* 8 U.S.C. § 1612(a)(1). To be eligible for SSI benefits, either a permanent resident such as Mr. Carmona must have worked for forty consecutive or non-consecutive quarters (*i.e.*, ten years), or it must be possible to credit him with such work quarters as provided in 8 U.S.C. § 1645, and for any such creditable quarter for any period after December 31, 1996, he must not have received any federal means-tested public benefit, within the meaning of 8 U.S.C. § 1613. *See* 8 U.S.C. § 1612(a)(2)(B). A permanent resident alien may be credited with quarters of work if his spouse or parent has worked those quarters. 8 U.S.C. § 1645.

Additionally, a permanent resident who, like Mr. Carmona, was lawfully residing in the United States on August 22, 1996, may receive SSI benefits if he is blind or disabled. 8 U.S.C. § 1612(a)(2)(F).

The ALJ found that Mr. Carmona fails to meet any of the exceptions because Mr. Carmona has lived in the United States for more than seven years, is a permanent resident alien, and has not worked forty quarters. The ALJ also found that the additional exception for veterans of the armed forces did not apply to Mr. Carmona, who is not a veteran, and that Mr. Carmona was not disabled or blind. (R. at 18-19.)

There is substantial evidence in the record to support the ALJ's findings, and the ALJ's determination was not based on legal error. Mr. Carmona has never claimed that he is disabled or blind. (R. at 135.) He asserts only that he is entitled to SSI benefits because of his age, despite the fact that he is not a citizen. Unfortunately, permanent resident aliens are not eligible for SSI benefits on the sole basis that they are over sixty-five years of age. *See* 8 U.S.C. § 1612; *Abreu v. Callahan*, 971 F. Supp. 799, 819-20 (S.D.N.Y. 1997) (explaining rational basis for Congress's decision to distinguish between United States citizens and aliens with respect to eligibility for federal benefits). Moreover, Mr. Carmona testified that he has worked only fifteen quarters since becoming a permanent resident, well below the forty quarters required to be eligible for SSI benefits. (*See* R. at 77-82, 135, 143-44.) Mr. Carmona may not be credited with any quarters of work because he has had no spouse or parent who has worked such quarters as required by 8 U.S.C. § 1645.

If Mr. Carmona were to become a United States citizen, he could be eligible for SSI benefits on account of his age and his extremely limited financial resources.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Commissioner's motion for judgment on the pleadings because the ALJ's decision is based on substantial evidence. This case is dismissed and the Clerk of the Court is instructed to remove the matter from my docket.

**SO ORDERED**

**New York, New York**
**November ___ 2008**

_____
U.S.D.J.

4